Shaw, C. J.*
1. On the first point, the court are of opinion, that the proviso, in the first instrument of guaranty, that the amount the son shall owe the plaintiffs, at any one time, shall not exceed $1100, is not a condition subsequent, upon the breach of which the obligation of the defendant was annulled and defeated. In construing an instrument of guaranty, as in *192 the case of any other written instrument, the intent of the parties is to govern, as collected from the whole instrument and the subject matter to which it applies. The word “ provided,” may or may not make a condition, according to the context. The manner in which the word is used in this case, and the connection in which it was introduced, show that it was intended rather as an exception or limitation, than as a condition. The first stipulation of the defendant was, in form, a promise to guaranty payment of all her son should owe the plaintiffs. Then comes the proviso, manifestly to limit the generality of this undertaking, which would otherwise be a guaranty for an unlimited amount. Then we think the subsequent sentence was introduced for greater caution, to explain what was intended by the former; it being understood that in no event she should be liable for more than that sum. When it was intended to introduce a condition, which should defeat the contract, it was done in due form and in express terms.
2. But if the proviso in the first contract did constitute a condition, so that if the plaintiffs should give the son credit to a larger amount than $ 1100, the obligation would be void; the court are of opinion that it was waived by the second, by which the defendant undertook to guaranty the payment of her son’s debt to the plaintiffs, to the amount of $2000. This was without any such condition. It is argued that this is expressed to be upon the same conditions as the former, including the proviso. This clause manifestly applies to the express conditions, such as furnishing an account once in eight months, demand, and three months’ notice, and the like. If it meant to adopt the proviso in the former, as a condition, it would be that they should not credit the son above $ 1100, which would be absurd in a guaranty for $2000. We are then called upon to say, that the parties intended a similar or corresponding condition, extending it to the $2000. But such a condition is not expressed, and there is nothing in the context or the subject matter, from which the court can imply it. It rather tends to show the understanding of the parties, that the word “ provided,” in the first instrument, was intended to limit *193 the amount of the guaranty; and that limitation being sufficiently expressed in other terms, in the second instrument, a similar proviso was unnecessary.
3. But the court are of opinion that, in one particular, the declaration is defective in substance, and therefore bad on general demurrer. The undertaking of the defendant was, to pay, in case said William should fail punctually to pay, the plaintiffs any sum which should become due to them, she to have ninety days, after demand made on her in writing, to pay the same. The averment in the declaration is, that they made known to the defendant, more than ninety days before the commencement of the action, the said William’s indebtedness to them, in a sum exceeding @2000, and made demand in writing, &c. It is not averred, that at the time of said notice, the said sum of @2676 was due and payable, or that they gave her notice that it was due and payable. The sale was to be on a credit, and there would be a debt, debitum in prasenti, from the time of the sale; but the liability of the guarantor did not accrue until the expiration of the credit, and the failure of the principal to pay the debt punctually The averment, therefore, in the declaration, that they notified the defendant that the son was indebted to them, is not equivalent to the averment cf a notice that so much had become due and payable. The aver-ments may all be true, and yet do not show a case in which the defendant, by the terms of her guaranty, was liable. The averment of having rendered an account once in eight months, according to the terms of the contract, is not equivalent to a notice that the debt had become due and payable ; because much of the debt may have arisen after the next antecedent account had been rendered; of which, therefore, she might have had no notice from the account.
It is said that the fact was, that notice was given to the defendant that @2000 and more had become due from her son, and was payable ; and that it was by a slight inadvertence in drawing the declaration, that the averment was omitted. If it be so, the plaintiffs will have leave to amend, on proper terms.

Hubbard, J. did not sit in this case.